UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD LEONARD,

    Plaintiff,

                                      Case No.:

vs.

DEW CADILLAC, INCORPORATED,
a Florida Profit Corporation, dba
DIMMITT CADILLAC OF ST. PETERSBURG,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD LEONARD, by and through his undersigned counsel, sues Defendant, DEW CADILLAC, INCORPORATED, a Florida Profit Corporation, dba DIMMITT CADILLAC OF ST. PETERSBURG, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, TODD LEONARD (hereinafter referred to as "Plaintiff"), is/was a resident of Pinellas County, Florida.

4. At all times material herein, Defendant, DEW CADILLAC, INCORPORATED, (hereinafter referred to as "Defendant"), is/was a Florida Profit Corporation, dba DIMMITT

CADILLAC OF ST. PETERSBURG, authorized and doing business in Pinellas Park, Pinellas, County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITIES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. More than 180 days have passed since the filing of the aforementioned Charge.

9. Plaintiff has received a Notice of Right to Sue from the EEOC. This Complaint has been filed within 90 days of receiving the Notice of Rights to Sue.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer – the Defendant.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff began his employment at Dimmitt Cadillac of St. Petersburg on or about February 25, 2019 as Finance Manager.

14. Plaintiff is an individual with a qualified disability.

15. Plaintiff made his disability known to his employer, supervisors and co-workers.

16. Plaintiff repeatedly requested reasonable accommodations which were repeatedly denied.

17. On one occasion when Plaintiff informed Andrew Dunton (General Manager) of his need for an accommodation, Mr. Dunton replied "you know you're a real pain in the ass."

18. The failure to accommodate Plaintiff resulted in and caused a deterioration of Plaintiff's health with potentially fatal consequences.

19. As a result, on or about June 25, 2019, Plaintiff was constructively discharged.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 – DISABILITY DISCRIMINATION

20. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 19.

21. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

22. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

23. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived disability.

24. Defendant failed to provide Plaintiff with reasonable accommodations.

25. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

26. Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

27. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, TODD LEONARD, prays for judgment against Defendant DEW CADILLAC, INCORPORATED, a Florida Profit Corporation, dba DIMMITT CADILLAC OF ST. PETERSBURG, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
### FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

28. Plaintiff realleges and adopts the allegations stated in paragraphs 1–19.

29. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

30. Plaintiff is an individual with a disability.

31. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived

disability.

32. Defendant failed to provide Plaintiff with reasonable accommodations.

33. The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

34. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

35. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, TODD LEONARD, prays for judgment against Defendant, DEW CADILLAC, INCORPORATED, a Florida Profit Corporation, dba DIMMITT CADILLAC OF ST. PETERSBURG, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT III
## UNPAID WAGES, SECTION 448.08, FLORIDA STATUTES

36. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –19.

37. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendant. Specifically, Plaintiff earned commissions, but was not compensated by

Defendant for the work performed.

38. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

39. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiff, TODD LEONARD, demands judgment against Defendant, DEW CADILLAC, INCORPORATED, a Florida Profit Corporation, dba DIMMITT CADILLAC OF ST. PETERSBURG, for back pay, interest, attorney's fees and costs and for such other relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

40. Plaintiff requests a jury trial on all issues so triable.

DATED this 27th day of February, 2020.

       **FLORIN GRAY BOUZAS OWENS, LLC**

       */s/ Wolfgang M. Florin*
       **WOLFGANG M. FLORIN, ESQUIRE**
       Florida Bar No.: 907804
       Primary: wolfgang@fgbolaw.com
       Secondary: gina@fgbolaw.com
       **MIGUEL BOUZAS, ESQUIRE**
       Florida Bar No.: 48943
       miguel@fgbolaw.com
       16524 Pointe Village Drive, Suite 100
       Lutz, FL 33558
       Telephone (727) 254-5255
       Facsimile (727) 483-7942

       *Trial Attorneys for Plaintiff*